No. 22-6285

IN THE

# United States Court of Appeals for the Fourth Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

CARLOS EMANUEL KINARD,
Appellant.

On Appeal from the United States District Court for
The Western District of North Carolina (No. 3:93-cr-215; 3:21-cv-161)(Mullen, J.)

## OPENING BRIEF FOR APPELLANT

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA

ERIC JOSEPH BRIGNAC
CHIEF APPELLATE ATTORNEY
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

May 30, 2023

*Counsel for Appellant*

## TABLE OF CONTENTS

**INTRODUCTION** ........ 1

**JURISDICTIONAL STATEMENT** ........ 2

**STATEMENT OF ISSUE** ........ 3

**STATEMENT OF THE CASE** ........ 3

**SUMMARY OF ARGUMENT** ........ 6

**ARGUMENT** ........ 8

**VIOLENT CRIME IN AID OF RACKETEERING IN VIOLATION OF 18 U.S.C. § 1959(a)(3) BASED ON THE UNDERLYING CRIME OF NORTH CAROLINA ASSAULT IN VIOLATION OF N.C. GEN. STAT. § 14-33(c)(1) IS NOT A CRIME OF VIOLENCE UNDER 18 U.S.C. § 924(c)(3)(A).** ........ 8

**A. To determine whether a Section 1959(a)(3) VICAR offense categorically meets the Section 924(c)(3)(A) force clause definition, courts look through the VICAR offense to the crime underlying it.** ........ 10

**B. The crime underlying Mr. Kinard's Count 33 VICAR office is North Carolina Assault, a crime that categorically does not meet the force clause.** ........ 12

**C. Mr. Kinard's petition was timely because the one-year habeas time limit was equitably tolled during the time his petition to this Court for permission to file a second or successive motion was pending.** ........ 13

**CONCLUSION** ........ 16

**REQUEST FOR ORAL ARGUMENT** ........ 16

## TABLE OF AUTHORITIES

## CASES

*Davis v. United States*,
139 S. Ct. 2319 (2019) ....................4, 10

*Easterwood v. Champion*,
213 F.3d 1321 (10th Cir. 2000)....................15

*Elm Grove Coal Co. v. Dir O.W.C.P.*,
480 F.3d 278 (4th Cir. 2007)....................14

*Fierro v. Cockrell*,
294 F.3d 674 (5th Cir. 2002)....................14

*Gordon v. Schweiker*,
725 F.2d 231 (4th Cir. 1994)....................14

*Leocal v. Ashcroft*,
543 U.S. 1 (2004) ....................12

*Levy v. Lexington County, S.C.*,
589 F.3d 708 (4th Cir. 2009)....................13

*Oronoa v. United States*,
826 F.3d 1196 (9th Cir. 2016).................... 15-16

*United States ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*,
675 F.3d 394, 406 (4th Cir. 2012)....................13

*United States v. Fluker*,
891 F.3d 541 (4th Cir. 2018)....................13

*United States v. Mathis*,
932 F.3d 242 (4th Cir. 2019)....................8

*United States v. Manley*,
52 F.4th 143 (4th Cir. 2022) ....................................................................6, 11

*United States v. Royal*,
731 F.3d 333 (4th Cir. 2014)..........................................................................9

*United States v. Simmons*,
917 F.3d 312 (4th Cir. 2019)........................................................................12

*In re Thomas*,
988 F.3d 783 (4th Cir. 2021)........................................................................10

*United States v. Torres-Miguel*,
701 F.3d 165 (4th Cir. 2012)..........................................................................9

**STATUTES**

18 U.S.C. § 924(c)(1) (1993)..........................................................................8

18 U.S.C. § 924(c)(3) ......................................................................................9

18 U.S.C. § 924(c)(3) (1993)...................................................................... 8-9

18 U.S.C. § 924(c)(3)(A)...........................................................................5, 10

18 U.S.C. § 924(c)(3)(B) (1993)................................................................ 9-10

18 U.S.C. § 1959(a)(3) ..................................................................................11

28 U.S.C. § 2253(a) ..................................................................................... 2-3

28 U.S.C. § 2253(c)(1)(B) ........................................................................... 2-3

28 U.S.C. § 2255(h)........................................................................................15

## OTHER AUTHORITIES


Petition for Permission,
*In re; Kinard*, 4th Cir. No. 19-426 at D.E. 1 ....................................................15

Order Granting Permission,
*In re: Kinard,* 4th Cir. No. 19-426 at D.E. 12 ...................................................2, 4

## INTRODUCTION

This appeal presents a long procedural history but a narrow and straightforward legal analysis. In 1994, a jury convicted the Movant-Appellant, Mr. Carlos Emanuel Kinard, on twelve counts related to a drug and racketeering conspiracy. One of the counts of conviction—Count 33—was a violation of 18 U.S.C. § 924(c) for using a firearm in relation to a crime of violence. The predicate crime of violence was Violent Crime in Aid of Racketeering ("VICAR") in violation of 18 U.S.C. § 1959(a)(3).

Mr. Kinard filed motion to vacate that count of conviction, arguing that after the Supreme Court restricted the scope of Section 924(c)'s crime of violence definition, his VICAR conviction no longer qualified. The district court denied the motion, Mr. Kinard appealed, and this Court granted a Certificate of Appelability on the question.

This Court recently held that to determine whether a VICAR conviction is a Section 924(c) crime of violence, courts must look through the VICAR conviction to the actual crime at issue. Here, the crime at issue is North Carolina assault in violation of N.C. Gen. Stat. § 14-33(c)(1). And this Court has held repeatedly held that North Carolina Assault lacks the

requisite mens rea to qualify as a Section 924(c) crime of violence. Thus, this Court should reverse the district court and remand with order to vacate Mr. Kinard's Section 924(c) conviction on Count 33.

## JURISDICTIONAL STATEMENT

On April 1, 2021, a panel of this Court granted Mr. Kinard permission to file a second or successive Section 2255 motion under 28 U.S.C. § 2255(h)(2). *See In Re: Kinard*, 4th Cir. No. 19-426 at D.E. 12. The district court had jurisdiction over that motion under 28 U.S.C. § 2255. The district court denied the motion on November 2, 2021 and did not grant a Certificate of Appealability. Due to issues with the prison mail system, Mr. Kinard did not receive notice of this order, so he did not file a notice of appeal until March 4, 2022. The district court, after hearing from the parties, granted Mr. Kinard's motion to extend time to file the notice of appeal and deemed it timely filed.

On March 27, 2023, this Court granted a Certificate of Appealability "on the issue of whether assault under 18 U.S.C. § 1959(a)(3) or under N.C. Gen. Stat. § 14-33(c)(1) is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *See* D.E. 10. This Court has jurisdiction under 28 U.S.C.

§§ 2253(a), (c)(1)(B) over this appeal of a Section 2255 motion for which a Certificate of Appealability has been granted.

## STATEMENT OF ISSUE

**Whether Violent Crime in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3) based on the underlying crime of North Carolina Assault in violation of N.C. Gen. Stat. § 14-33(c)(1) is a crime of violence under 18 U.S.C. § 924(c)(3)(A).**

## STATEMENT OF THE CASE

This Court granted a Certificate of Appealability on a narrow legal question related to one of Mr. Kinard's twelve counts of conviction, so this Statement of the Case focuses on that narrow question.

In 1993, a grand jury sitting in the Western District of North Carolina indicted Mr. Kinard and eight co-defendants on thirty-seven counts related to a drug and racketeering conspiracy. JA103. Relevant to this appeal, Count 33 charged Mr. Kinard with using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). JA118 – JA119. The crime of violence at issue was VICAR in violation of 18 U.S.C. § 1959(a)(3). JA119. The crime underlying that VICAR was North Carolina Assault with a

Dangerous or Deadly Weapon in violation of N.C. Gen. Stat. § 14-33. JA118 – JA119, JA147 – JA148, JA156, JA 163.

The jury found Mr. Kinard guilty on twelve counts. JA184. The district court sentenced him to life imprisonment on 7 counts, all to be served concurrently. JA181. It sentenced him to 20 years on two counts, concurrent to the life sentences of the other counts. JA181. It sentenced him to 20 years consecutive to every other count on Count 33 and 20 years consecutive to every other sentence on Count 34. JA181. Under a later sentence reduction motion, the district court "reduced [Mr. Kinard's] sentences for three of the drug trafficking offenses (Counts One, Eleven, and Twelve) to 240 months' imprisonment," but it left the other sentences undisturbed. JA066.

In 2021, Mr. Kinard, having been granted authorization by this Court, filed a pro-se second or successive motion to vacate his conviction under 28 U.S.C. § 2255. JA004; *see In Re: Kinard*, 4th Cir. No. 19-426 at D.E. 12. Relevant to this appeal, he moved the district court to vacate his Count 33 conviction for violating Section 924(c). JA006. Specifically, he argued that the Supreme Court case of *Davis v. United States,* 139 S. Ct. 2319 (2019),

narrowed the Section 924(c) definition of a crime of violence, so his predicate offense of VICAR supported by North Carolina Assault no longer met that definition. JA006 – JA008.

The government moved to dismiss the motion, arguing, among other things, that it was untimely because Mr. Kinard filed it in the district court over one year after the Supreme Court decided *Davis*. JA034 – JA035, JA050 – JA051. Mr. Kinard responded, arguing that he filed for permission in this Court to file a second or successive Section 2255 motion four months after *Davis*, and that this Court held that petition for over a year, and that he filed his motion in the district court only eight days after this Court granted him permission to file. JA057 -JA058, JA065. Thus, he argued, the district court should equitably toll the time that his petition was pending in this Court when computing the one-year time limit. JA057 -JA058.

The district court noted the dispute over the timeliness, but it declined to reach it. JA067- JA068. Instead, it denied Mr. Kinard's motion on the merits, holding that Mr. Kinard's VICAR conviction still met the post-*Davis* Section 924(c) crime of violence definition because it categorically involved the use of force. JA069; *see* 18 U.S.C. § 924(c)(3)(A).

The district court denied a Certificate of Appealabilty, but this Court later granted one limited to the validity of Mr. Kinard's Count 33 conviction. JA072.

Mr. Kinard appealed, which the district court found timely due to excusable delay based on problems with the prison mail system. JA080, JA088 – JA089.

## SUMMARY OF ARGUMENT

1. This Court should order the district court to vacate Mr. Kinard's Count 33 conviction under Section 924(c) because the predicate crime on which it is based—VICAR with North Carolina Assault as the underlying crime—is no longer a Section 924(c) crime of violence.

After the district court denied Mr. Kinard's motion, this Court decided *United States v. Manley*, which held that in order to determine whether a Section 1959(a)(3) VICAR conviction is a Section 924(c) crime of violence, courts must look through Section 1959(a)(3) to the actual crime at issue to determine whether it is categorically a crime of violence. 52 F.4th 143, 148 (4th Cir. 2022). Here, the crime at issue is North Carolina Assault with a Dangerous or Deadly Weapon in violation of N.C. Gen. Stat § 14-33.

This Court has held repeatedly that North Carolina Assault has a broader mens rea than that captured by the Section 924(c) force clause, so it does not constitute the "use" of force under Section 924(c).

2. To facilitate proceedings on remand, this Court should hold that Mr. Kinard timely filed his motion because the time that his petition for permission to file a second or successive Section 2255 motion was pending in this Court should be equitably tolled. Mr. Kinard had to file in this Court for permission to file a second Section 2255 motion. He promptly made that filing within four months of the Supreme Court deciding *Davis*. Once this Court granted him permission, he filed in the district court within eight days.

The delay in these proceedings were completely out of Mr. Kinard's control. He filed everything over which he had control well within the statutory time limits. It would be inequitable to hold this Court's delay against him, and it would effectively deny him any opportunity for relief. Thus, this Court should hold that the time period that Mr. Kinard's petition was pending in this Court does not count toward his one-year filing limit.

The district court erred. This Court should vacate the district court's order and remand with instructions to vacate Mr. Kinard's Count 33 conviction.

## ARGUMENT

**VIOLENT CRIME IN AID OF RACKETEERING IN VIOLATION OF 18 U.S.C. § 1959(a)(3) BASED ON THE UNDERLYING CRIME OF NORTH CAROLINA ASSAULT IN VIOLATION OF N.C. GEN. STAT. § 14-33(c)(1) IS NOT A CRIME OF VIOLENCE UNDER 18 U.S.C. § 924(c)(3)(A).**

*Standard of Review*

This Court reviews de novo whether an offense is a Section 924(c) crime of violence. *United States v. Mathis,* 932 F.3d 242, 263 (4th Cir. 2019).

*Argument*

At the time of Mr. Kinard's conviction, Section 924(c) prohibited "us[ing] or carr[ying] a firearm" "in relation to a crime of violence." 18 U.S.C. § 924(c)(1) (1993). The statute defined a "crime of violence" as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3) (1993).[1]

To determine if an offense meets this definition, courts use the categorical approach, under which they "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]." *See United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2014). Under the categorical approach, an offense qualifies as a crime of violence only if all of the criminal conduct covered by a statute – "including the most innocent conduct" matches, or is narrower than, the crime of violence definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a crime of violence, then the offense categorically fails to qualify as a crime of violence.

In 1993, Mr. Kinard's Count 33 VICAR conviction was categorically a crime of violence because it met the "residual clause" of the crime of violence definition as a crime "that by its nature involves a substantial risk

[1] The 1993 version of the statute applies to Mr. Kinard's 1993 conviction, so that is the version that undersigned counsel cites in this brief. But Congress has not materially amended the crime of violence definition since that time. *Compare* 18 U.S.C. § 924(c)(3) (1993) *with* 18 U.S.C. § 924(c)(3).

that physical force . . .  may be used." 18 U.S.C. § 924(c)(3)(B) (1993). But in 2019, the Supreme Court in *Davis* struck down the Section 924(c) residual clause as unconstitutionally vague. 139 S. Ct. at 2336. This Court then held that *Davis* retroactively applies to cases on collateral review like Mr. Kinard's. *See In re Thomas*, 988 F.3d 783, 786 (4th Cir. 2021).

Thus, Mr. Kinard's Count 33 VICAR conviction remains a crime of violence if and only if it meets the Section 924(c)(3)(A) force clause as an offense that categorically "has as an element the use, attempted use, or threatened use of force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). For the reasons explained below, it does not.

### A. To determine whether a Section 1959(a)(3) VICAR offense categorically meets the Section 924(c)(3)(A) force clause definition, courts look through the VICAR offense to the crime underlying it.

The district court rejected Mr. Kinard's claim and held that his VICAR conviction categorically met the force clause definition. JA068 – JA070. In so holding, the district court concluded that the "assault" at issue in Section 1959(a)(3) VICAR was common law assault, and common law assault categorically has as an element the use, attempted use, or

threatened use of force against the person or property of another. JA069 – JA070.

The district court erred. At the time it made its holding, it lacked the guidance from this Court's recent *Manley* decision, which explains how to properly address whether VICAR assault is a Section 924(c) crime of violence. 52 F.4th 143 (4th Cir. 2022).

Section 1959(a)(3) criminalizes assault with a dangerous weapon in order to enter or increase one's position in a racketeering enterprise. *Id.* at 147 (citing 18 U.S.C. § 1959(a)(3)). Critically, the "assault" element in VICAR is *not* common law assault, as the district court here held. *Id.* Instead "VICAR assault . . . requires that the assault be 'in violation of the laws of any state or the United States.'" *Id.* (quoting Section 1959(a)). Thus, a proper VICAR prosecution requires the government to allege "a specific state or federal law that the defendant violated by engaging in the conduct underpinning the VICAR offense." *Id.*

**B. The crime underlying Mr. Kinard's Count 33 VICAR office is North Carolina Assault, a crime that categorically does not meet the force clause.**

Here, the specific state law underpinning the VICAR offense was North Carolina Assault with a Dangerous or Deadly Weapon in violation of N.C. Gen. Stat. § 14-33. Though the indictment does not specifically mention this crime, the jury instructions reveal that Section 14-33 was the crime at issue. JA118 – JA119, JA147 – JA148, JA156, JA 163

And, like most North Carolina Assault offenses, Section 14-33 does not meet the force clause definition because it lacks the mens rea to constitute a "use" of force. "[T]he Supreme Court has held that 'negligent or merely accidental conduct does not constitute a use of physical force.'" *United States v. Simmons*, 917 F.3d 312, 321 (4th Cir. 2019) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)) (other internal quotation omitted). "And because the requisite intent for any of the different forms of North Carolina assault can be established through proof of 'culpable negligence,' each form of assault permits conviction for conduct that does not amount to a 'use' of force under *Leocal*. *Id.* (internal citations and quotations omitted).

Thus, Mr. Kinard's Count 33 VICAR conviction is not a Section 924(c) crime of violence because North Carolina Assault does not meet the Section 924(c) force clause definition. This Court should vacate the district court's order and remand with instructions to vacate the Count 33 conviction.

### C. Mr. Kinard's petition was timely because the one-year habeas time limit was equitably tolled during the time his petition to this Court for permission to file a second or successive motion was pending.

If this Court agrees that the district court erred addressing the merits of Mr. Kinard's motion, then it should exercise its discretion to hold that Mr. Kinard's petition was timely filed. The district court noted this question but did not address it, so the question will occur on remand. It would aid judicial efficiency for this Court to address this question of pure law before remanding to the district court. *See, e.g., United States v. Fluker*, 891 F.3d 541, 552 (4th Cir. 2018) ("Fluker raises an additional challenge to the district court's evidentiary decision at resentencing. As that issue is likely to recur on resentencing, we will address it now."); *United States ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394, 406 (4th Cir. 2012) ("our precedent is clear that we may address issues that are likely to recur on remand"); *Levy v. Lexington County, S. C.*, 589 F.3d 708, 716 (4th Cir.2009)

("Because we are remanding this case, we will address other issues raised on appeal that are likely to recur."); *Elm Grove Coal Co. v. Dir. O.W.C.P.*, 480 F.3d 278, 299 n. 20 (4th Cir.2007) (addressing issue because it was likely to arise on remand); *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir.1994) ("Since the case must be reconsidered ... we do provide some guidance as to a matter very likely to arise at the hearing which will occur.").

The United States argued that Mr. Kinard's motion should be dismissed as untimely because he did not file it within one year of the Supreme Court's decision in *Davis*, as required by Section 2255(f)(3). JA067. Mr. Kinard countered that the court should have equitably tolled the period of time during which his petition to file a second or successive Section 2255 motion was pending in this Court. JA067. Noting a circuit split on the question of whether a petition to file a second or successive motion tolls the time to file that motion and that this Court has never addressed it, the district court declined to rule and instead dismissed the motion on the merits. JA068 (citing *Fierro v. Cockrell*, 294 F.3d 674, 681 (5th Cir. 2002) (petition does not toll time limit); *Oronoa v. United States*, 826 F.3d 1196,

1199 (9th Cir. 2016) (petition tolls time limit); *Easterwood v. Champion*, 213 F.3d 1321, 1324 (10th Cir. 2000) (petition tolls time limit)).

This Court should hold that Mr. Kinard's petition tolled the one-year period. Mr. Kinard had to seek permission from this Court to file a second Section 2255 motion. 28 U.S.C. § 2255(h)(2). Had he filed in the district court without first seeking permission, it would have been improper.

He filed that application on October 28, 2019, approximately four months after *Davis*. *See In re: Kinard,* 4th Cir. Case No. 19-426. "The statute require[d] [him] to file an application in the court of appeals first, and by filing such an application [he did] everything within [his] control to comply with the statute of limitations." *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016).

This Court granted his application on April 1, 2021, and a mere *eight days* later, he filed his motion in the district court. JA065. Mr. Kinard thus acted with haste and efficiency every time he had control over the filing. "It would thus be unjust to hold that the limitations period continue[d] to run while a second or successive application remain[ed] pending in the court of

appeals." *Orona*, 826 F.3d at 1198. Mr. Kinard "ha[d] no control over how long it [took] the court of appeals to grant the application."[2]

Where, as here, a litigant timely files his petition with this Court and then timely files in the district court once this Court grants his petition, but this Court held the petition for so long that it would be impossible for the litigant to meet the one-year time limit, the district courts should equitably toll the period of time that the petition was in this Court.

## CONCLUSION

For these reasons, this Court should vacate the district court's order, hold that Mr. Kinard's petition was timely filed, and remand with instructions to vacate his Count 33 conviction.

## REQUEST FOR ORAL ARGUMENT

When this Court granted the Certificate of Appealability, it said, "[t]his case will be scheduled for oral argument after the completion of the

---

[2] The delay in Mr. Kinard's petition in this Court made sense. This Court needed to address the complicated questions involving *Davis's* retroactivity, and it rightly took the time to address that question adequately. But however sensible the delay was, it should not be held against Mr. Kinard.

briefing schedule." [D.E. 10]. Mr. Kinard agrees that argument would be beneficial.

Respectfully submitted,

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER

/s/ Eric J. Brignac
ERIC JOSEPH BRIGNAC
CHIEF APPELLATE ATTORNEY
EASTERN DISTRICT OF NORTH CAROLINA
N.C. BAR NO. 28443

**CERTIFICATE OF COMPLIANCE**

I certify that

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because this brief contains no more than 4,000 words, excluding the parts of this brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and

2. This brief complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirement of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Apps For Enterprise 365 (Word) in 14 point Book Antiqua.

/s/Eric J. Brignac
ERIC J. BRIGNAC
Chief Appellate Attorney
N.C. Bar No. 28443